All right, Omargharib v. Holder, and Ms. Lewis. Good morning, Your Honors. I represent Mr. Omargharib. He was a 28-year lawful permanent resident, crime-free, when he was convicted in Virginia of grand larceny. Based solely on that conviction, he was ordered deported as having a... He allegedly stole two pool cues. Is that it? Your Honor, that is the allegations I... He said they were his own pool cues? That's correct, and there was a big... I know we're not here to review that, but... It's unfortunate that the attorney representing him at that time was so negligent and then fled the state after... That's another part of the story. Let's get back to the case. Yes. We have a grand larceny conviction. Grand larceny conviction. Your Honor, in Virginia law, a grand larceny conviction is not a theft, aggravated felony offense in federal law. That deportable federal offense is defined in two parts. One, a predicate conviction, and two, a term of imprisonment. The federal law has defined and limited the predicate conviction to be a generic theft. Federal law has also told us that when Congress chooses to define a crime, generic crime, we may also look at the federal sentencing. Now, federal law also has indeed distinguished an aggravated felony that's committed with theft from an aggravated felony that's committed by fraud. By contrast, in Virginia, a grand larceny convicts both fraud and theft conduct. Your contention is the use of the word theft or fraud, even though it's in the conjunctive, that means that that statute is not divisible because it says theft or fraud, which are the means of committing the crime. Is that your argument? Yes. My argument is that that Virginia statute is overbroad, that when a juror receives a single set of instructions to find grand larceny, and the Supreme Court of Virginia and the appellate courts of Virginia have established that the elements of grand larceny are sustained when the property taken is consent, where consent to property taken is obtained by deceit or fraud. Therefore, the Virginia statute convicts and criminalizes both. Well, I guess the question is whether it's divisible. It is not divisible, Your Honor, because there is no means by which the jury can specifically find that a defendant had committed theft or had committed fraud. It is sufficient under the jury instructions, which is one set for grand larceny, it is sufficient for the jurors to find that it was either or and not to distinguish. Now, where a single offense, grand larceny, is criminalized by the state statute, and that state statute criminalizes more behavior than the generic theft of the federal offense, decamps tells us that the enhancement may not be applied, and the enhancement in this case is deportation. Does that apply to immigration cases? Ask me, I'm sorry, I missed that. Did you refer to descamps or decamp? Decamps. Decamps. Decamps. This is not relative to an immigration case. It was an ACCA case, but the other law has since, in almost most of the jurisdictions, has applied the decamps to immigration law. We know historically that the categorical approach has been applied to immigration law for many years by the Supreme Court, by the, in Moncrief, saying that it's been applied in immigration law for decades. If we applied, found it divisible, what do the Shepard documents show? The Shepard documents, Your Honor, would show that he was convicted of the language expressed in the jury instructions in Virginia. The decision of the judge in that case recites almost specifically the language of the jury instructions. They are single instructions for both fraud and theft, and in fact, because the jury instructions speak to consent, the Supreme Court in Virginia, and we're told under Johnson v. United States that when the Supreme Court in a state interprets its own laws, then we are obliged to follow that interpretation. And the Supreme Court has specifically said in Virginia that the grand larceny is both fraud and theft. So therefore, you cannot have a divisible statute, because there are no specific crimes. If what you say is accurate, then it doesn't matter whether it's divisible or not. Your argument would be even if it is divisible, the Shepard documents don't demonstrate that he was convicted of generic theft. That's correct, Your Honor. However, I think that it's very important for this court to set for the immigration courts the fact that Virginia common law is not a divisible crime. Okay, is that it? No. Oh, go ahead. I think that that's only part of it, because that theft, aggravated felony has a second part. The second part is the term of imprisonment. And even if the government has the burden to prove that the Virginia statute is divisible, but even if they were able to prove that, the second part of this federal offense is not satisfied. Now, Moncrief tells us that when Congress chooses to define a generic crime by both the elements and the sentencing, then it may be necessary to look at the federal sentencing to determine if the federal offense has been committed. I submit to you that in immigration, it is necessary to look to the federal sentencing. The decisions have been all over the board. Sometimes the DHS will determine that the decision of the particular local criminal judge will determine whether or not this person gets deported. Other judges I've talked with and been before have said, no, we look at the state statute to determine if they're going to be deported. Your Honors, immigration law is a federal law. It's an area that has been federally preempted. The whole concept of having this theft, aggravated felony as a federal offense is so that people across the nation are deported under the same standard. Now, the federal offense has two parts, and to deport someone, we must look at and satisfy both those parts. Now, Moncrief also tells us that we must consider the least culpable conduct in analyzing for a categorical approach. A Virginia grand larceny conviction, minimal culpable conduct is $200 in a simple larceny conviction. If you look at the federal sentencing, which it states to us, applies to a variety... What does the term imprisonment for grand larceny in Virginia? Grand larceny in Virginia is very broad. It goes from 0 to 20 years. 220 years? 0 to 20 years. Doesn't that answer the question? Yes. It seems to me the sentencing range is more than a year, isn't it? Your Honor, that's the whole issue. Why is it an issue if Virginia will sentence up to 20 years? The reason it's an issue is that are we to look in satisfying this second federal offense prong, are we to look at whatever the local criminal judge said in Littletown, North Dakota, or are we supposed to look at what that local judge said in Chicago, or do we look at what the legislators said in Arizona to determine who gets deported? No. Not to who gets deported. In measuring whether an offense is aggravated, the definition requires that it have at least a sentence of one year. That's correct. It seems to me if you're looking at Virginia larceny, and you ask the question, is it sufficiently severe? Regardless of the label, grand, is it sufficiently severe to be punishable by a sentence of at least one year? You said the answer is yes. If you, in fact, are judging by the Virginia statute, may I suggest to you, Your Honor, that in Virginia . . . Your suggestion is we have to recompute the state sentence? No. Or under the federal guidelines? No, Your Honor. Your Honor, I'm saying that under Moncrief, that Moncrief first says that a federal offense, and he prefaces it, that in the INA, Immigration Naturalization Act, where a federal offense is a generic crime, is defined. It's defined both in elements and in sentencing. Now, when a person gets deported, they get deported for having committed a federal deportable offense. All the reason Virginia's involved is that they're saying that this conviction in Virginia is the federal offense that's causing the deportation. Where does it say that? In Moncrief. Oh, you're talking about Moncrief. I thought you were talking about the statute. No. In the statute, the INA simply says, for which, for which, and those two words are what have created a discrepancy among decisions that have been rendered. I don't mean to testify, but I can tell you that it happens every day. Sometimes you'll get a decision where the sentencing is looked on as what the local judge said. Sometimes it'll be looked on as what the state statute says, but the federal law says neither. The federal law simply says, for which, and you're talking about the federal definition, which is two parts. This for which part refers to the first set of the definition, which are the elements. So you're saying, all right, is this crime, is this sentence for which this crime is the term of imprisonment not less than one year? I'm simply saying that in order to be just throughout the United States, under federal law in a federally preempted area where deportation is unjust, in some situations where this second sentencing is not referred to. Okay. I think you have some rebuttal. All right. Thank you. Thank you. Mr. Carmichael. Good morning. May it please the Court, Amy Carmichael for the government. I'd like to start with the sentencing issue, because I think that's the easiest issue in this case. You mean the one we just talked about? Why don't you start with the other one? That kind of keeps me focused. All right. Petitioner was convicted for grand larceny, which under Virginia law is a common law offense. Virginia doesn't have a general theft statute. Instead, they codified the common law offenses of larceny and larceny by false pretense, and the definitions of those are still contained in case law, rather than in the statute. So it's not divisible in the statute? That is the question. What was the answer? The board in this case found that it was divisible because there was a distinction between wrongful and fraudulent taking in the case law. The government requested remand last week due to ‑‑ Well, it depends on what test you're applying. The problem is that it depends on what test you're applying. The board, in examining and ruling on this case, never applied the means versus elements test or question. Instead, it applied what we're calling facial divisibility. It says, hey, there's an or here in the definition, so then we turn to the documents. Now, subsequent to this case, the board decided another case. I think the documents do help us, Your Honor. The entire trial transcript is, in fact, in the record. We don't look at the transcript. We look at the Shepard documents. Well, the judge in this case found that he took, stole, and carried away. There's no suggestion that there was any sort of fraud as part of this offense. I understand, but now we're going to retry the case. We're going to decide whether the court found correctly or not, but what he found was stated in this conclusory statement. What the charges were, I think it was just found guilty. It seemed to me it gave you almost nothing to look at the documents, I must say, so that we're back to really on the basic question of whether this is a categorical violation. I mean, whether you look at a modified categorical approach or just a categorical approach, you're facing the same question. Is it a state generic theft? Obviously, if we have to include fraud, then it doesn't. If we can separate it, then you look at the documents, but the documents seem to just go right back and find him guilty of larceny under Virginia common law, which includes fraud. Isn't that pretty much what the record is? Well, the documents say take, steal, and carry away, and the board concluded that that demonstrated that he had committed a classic theft offense as opposed to a fraudulent offense. Tell me again what the finding was. He took, stole, and carried away pool cues. Isn't that just the... And that can be done by fraud or physical taking without consent, can't it? Yes. So what do we do now? And keep in mind, I noticed you were saying, it seems like you alluded to the fact what wasn't there. This is a removability case, and the burden's on you. Well, again, we submitted the trial transcript. We have all of the facts in front of us in the record, and the board found that that was sufficient to determine that he had stolen and committed a classic theft offense rather than committed a fraud offense. If we look at the facts, you mean? If you look at the transcript, yes. But it was a general verdict, submitted theft or fraud. That's what the jury was told. They rendered a general verdict. And so if, and in this case, if the statute is not divisible, he would be actually innocent of that and not removed. Is that correct? I'm sorry. Is your question, if we are? If the statute is not divisible, then he'd go to the federal generic law, and it has one statute for theft and one statute for fraud. Correct. And in this case, if it's not divisible, it would be, the appellate in this case would be actually innocent of the Virginia charge for immigration purposes. Right. If the court accepts the view that Grand Larceny is overbroad and not divisible, then you are correct that he cannot be removed for this offense. And because this is the general statute under which theft offenses in Virginia are prosecuted, it would mean that no alien in Virginia could be removed for a theft offense. Let's go to the other hypothetical. Yes. Which is, if it is divisible, what's the argument? If it's divisible, then we turn to the documents. What documents? Shepard documents? The Shepard documents in the record, which the board found were sufficient to demonstrate that it was. What are the Shepard documents in the record? The trial transcript and. Transcript? Transcript. With the judge's findings that he had, the judge's findings reading the charge, and at the end, the judge finds that he was guilty of taking and stealing the pool cues. We're not allowed to look at the evidence, are we? Just the charge and the verdict? The, yeah, just the charge and the verdict is what Taylor and Shepard were nearly. And the charge was the generic, I mean, was the general Virginia charge. Take, steal, and carry away. Yeah, and the verdict was the same? Yes. Well, that's what we got, huh? You don't get to look at the entire transcript in a bench trial on Shepard, do you? No, I will. It would take away the need for Shepard if you did that. Well, I mean, the transcript does include findings of the judge, and I think that the point of Shepard is that you shouldn't be looking at the evidence that's presented to the judge and drawing different conclusions about it, but the judge does make findings. These were not your pill cues. You took them. You didn't have permission. No, we start getting into that. We get into not only retrying cases. We get into double jeopardy issues, constitutional issues, nullifying jury verdicts, and it seems to me it's very important to have a categorical approach or a modified categorical approach which doesn't compromise the earlier verdict. No, we can't impeach a verdict. Now, this case may be a little easier because it's so informal, but all you have to do is take the same case and put it in a jury trial, and now we're looking at the transcript and we're looking at the evidence, is it sufficient for the evidence, which conflicting evidence, the jury picked this or that, and we try to guess that, and all of a sudden we have Seventh Amendment issues, and I think we have to stick by Shepard, don't we? I have two comments. The first is that I think that there's a clear distinction between relying on the actual findings of the judge and looking at the rest of the evidence, and the other is that in this case, the Department of Homeland Security had the burden to prove by clear and convincing evidence that he had a conviction and that it was for a theft offense, and that the board concluded that this evidence was sufficient to meet that burden, so we're talking about a different burden than is in criminal cases, and we're... So the immigration judge relied on the fact he stole and took away two pool cues. Yes. But the Shepard documents don't reveal that. The findings, if you look to the findings of the judge, then they do, but if you don't, then they don't, and that's where we stand. Well, let me ask you this, then. Under Shepard, can we look at the... If a judge tries a criminal case and issues an opinion and finds the facts, we can rely on that? That's a slightly more complicated question after DeKalb, I think. But the... Well, I thought Shepard... I don't know if DeKalb... DeKalb just reiterated it, right? Well, so DeKalb found... You have to... DeKalb found that the statute first has to meet certain hallmarks of divisibility before you can turn. I'm assuming he satisfied that... I think... Right. So I think to look for specific findings of fact that are relevant to the divisibility question would be permitted. Shepard's goal is to have certain hallmarks of reliability and to make sure that the conviction is reasonably related to the statute and the issue. So I think that a decision with specific findings by the judge would have those Shepard hallmarks. I thought those hallmarks are geared more to the notion that we look at the elements of an offence and the fact of the conviction and nothing more. Right. And the fact of conviction and not why he was convicted is defined for purposes of looking at these enhancement crimes. Right, but when there's alternative elements, then you would look to the documents to see which of those elements he was convicted. Exactly. But we're not looking at the facts. We're going to look at the fact of conviction, and then if the fact of conviction or the indictment, for instance, picked one of the divisible crimes, that would be all right under Shepard. Right. But to look at the findings of the judge in an informal context like this, has that been decided that we're allowed to look at those? No, we've looked at... There have been certain documents that have been discussed, and the documents that are ordinarily submitted, it's unusual to have the full trial transcript in the record. Ordinarily what we have is a charge and a plea where you're pleading guilty to specific facts alleged in the charge, or we'll have a minute order, similar, maybe an abstract of judgment. But all of these things usually reflect the facts that are alleged in the charge and then the outcome relating to the charge. You make a very good case. If we were defining these principles ourselves now, we probably wouldn't infringe on a lot of the areas that the whole doctrine has been, the categorical approach has been established. It's sort of, if the public were in here listening to this argument, they'd say, come on, judges, put in some common sense. I mean, this man was convicted of taking away, stealing two pool cues. I don't know if we have that luxury, though. And you've got pretty clear pronouncements from the United States Supreme Court in the eight-to-one decision. I mean, however you look at it, the bottom line is the court is saying we're just not going to retry these things. We don't want to offend notions of apprendage. I mean, how much are we going to have the jury, the judge, that go and make decisions that jury need to make decisions and others? And here you have a bench trial. You've got an entire transcript. You don't really need to go back and forth one other day to do this. All that finding really says is not his cue, and he walked away with it. It doesn't say anything about the consent. So even if you use where you're going with here, I don't see how you get to the point of showing it's without consent. That's necessary. It may be a legal argument, but there's a legal basis for it. And apparently it's enough to convince eight justices on the Supreme Court there's a basis for it. I don't see how you get around it. And it seems to me when you move to remand this, it sounds like to me you're being pretty sound and very economical in terms of judicial time here, and just appreciate your argument to that regard. What did you hope to get on remand from the BIA? Well, the board recently issued a matter of chaires which discusses the means versus elements test and the distinction between the elements of an offense and the means of committing the offense. And there was no discussion in this case whether fraudulent versus wrongful takings are separate elements or means of committing the same element, and that's a finding that we think is important for the board to make and for the board to make in the first instance. We have jurisdiction to decide that question. That's true, but this question is... Why shouldn't we? Because if we remanded the case back and let the board do what you say they might do, this guy's going to be incarcerated another 16 months. And if we find that theft and fraud are means and the statute's not divisible, he's actually innocent. And as you say, he's back to not being removed. Why should we do that now? I mean, we can get an opinion out in 25 days. The main reason that we would like the board to be resolving this issue in the first instance is because this is an administrative case and that we believe that that... We usually don't decide issues under Chenery. We stick by what the board decides. We accept as a possibility that the board could find that these are not alternative elements and just end the case right there. First of all, we think that even if you came to that conclusion, that you would need to send it back to the board for them to finalize things. But the other thing is that this issue is not fully and finally resolved at the agency level as a policy matter. The Department of Homeland Security has filed a motion to reconsider en banc the decision in matter of chaires. And the criminal division of the Department of Justice and Solicitor General have taken positions and filings that are inconsistent with those holdings in matter of chaires. Let me just ask you this on this issue. You talk about means and elements. Are the courts applying DeCamps to these immigration cases? So far, yes. And is that the type of analysis DeCamps conducts? I wasn't sure about that. Well, that's the open question. Footnote 2 of DeCamps rejects the contentions that Alito makes that means versus elements are an important distinction. What the Supreme Court says in that note is if there's any – they find no real-world concerns about this because if it's listed in the statute, then you just turn to the documents and that solves the question of what's an element. The board in chaires took it to a sort of different place, requiring jury agreement on each of those findings. That was a mens rea case, but found that because the jury was not required to agree on the particular mens rea that, therefore, it was not divisible. The Solicitor General and criminal division and filings have taken the position that, according to footnote 2, there's not a need for this preliminary finding about whether it's a means or distinction. If it's divisible on the face, you just turn to the documents to sort out the question. I've never quite figured out even if it's divisible on the face. I mean, if it says, A, you can commit larceny by A, B, C, or D, is that divisible or not? If you put it in separate sections and say, if you take this under A, it's a crime. If you take it under B, it's a crime. And there they would say it's clearly divisible. But I'm not sure. I guess the answer is maybe what the jury has to decide. You raise an interesting point, actually, because if you look at the Maryland theft statute, the Maryland theft statute is written in separate sections that way. However, in the Court of Appeals decision, Rice v. State of Maryland, they found that despite the separate subsections, the jury was, in fact, not required to agree. So although that statute... They make it one crime. They make it one crime. And that's not what you have here in Virginia Supreme Court, is it? No. Because here this is a common law offense, so what we have is a definition that's carved out by the court, and the court has consistently said wrongful taking or fraudulent taking. So the board found that it was divisible because it was wrongful or fraudulent. And the construction that the Solicitor General has been using would find that that Maryland statute that lays it out in separate subsections is divisible because it's got a list of ors. And so then you would turn to the documents, determine if the documents narrowed the offense at all, and if it did, conclude that he had been convicted of that offense. And that's... They're relying on the footnote 2 in DeCamp for that reading, but the board's decision in matter of tiras cuts the other way. So we're left without clear agency policy right now, and for that reason... Is it a good case to have that developed? Is it simply... When I say this, sort of without... I mean, we obviously want to look at it and deliberate on this, but the Shepard documents aren't particularly good for you in this case. You'd have them better in some other case. And the question is, if you don't get much help from the Shepard documents, why decide the divisibility on this fairly complex analysis? Just one of the reasons we'd like to remand. Okay. I just feel that the board should sort this out, take a consistent... It's also worth noting that the board issued a subsequent decision, a matter of LGH, where they applied the modified categorical approach and made no mention or discussion of this means versus elements test. So this aspect's really up in the air right now, and... Okay. We are where we are. Thanks. Thank you. Appreciate your candor. All right, Ms. Lewis. First, yes. Immigration can deport someone under the Virginia statute. There is a deportable offense if it is a crime involving moral turpitude and the term of imprisonment is over one year. There's an exception to that. If a person has been a permanent resident for five years or more, and this is a solitary crime involving moral turpitude, then that person is exempted from deportation. This is particularly important in this case because this form of deportation, this mode of deportation was brought to the DHS at the criminal judge's level, saying, look, this client has been protected from deportation by Congress because this is a sole crime involving moral turpitude and he has been a crime-free permanent resident for 28 years. The DHS said that it's our prerogative to charge him with deportation as we choose. I think that under Moncrief, we had a similar situation where the DHS was striving to remove under a felony and the question was whether or not the crime was a misdemeanor or felony. They said whenever it's questionable, you have to go to the minimal culpable conduct. This needs to be enforced in immigration law because a person who picks up a medal from the street that belongs to someone and keeps it, it may have no monetary value, but under Virginia law, a pettit larceny can have a crime of one year. And the sentence almost invariably goes to one year because it's then suspended and the function and policy of the local criminal judge is to make sure that this person is immediately brought back and detained if in fact they violate their terms or commit another crime. So the policy is not the same and you must look at the federal statute to determine to give any credibility to this. Therefore, yes, someone can be and is deported under the Virginia statute. Number two, this is a situation that is particularly appropriate. If you look at the final notice in the camps, I think it was Kennedy, he said that the problems arising out of looking into the convictions is sufficient to warrant this kind of control and that it may mean that some states have to rewrite their statutes to catch crimes that would otherwise be deportable. It would be sort of sad, isn't it, if in a backwards move the states redefine their crimes in order to satisfy federal statutes. Yes, if that's the issue, which I understood is the issue here by the DHS. And that's why it is not appropriate. And in this case, we fought for a long time to get the case reopened. We would love to have had that judge's reasoning put on display where he says, you know, Q-stips come in all shapes and sizes and he just did not have information by which to make a reasoned decision. So for our sake, we would love to have had that case reopened. But the law does not permit it. And it's the burden. According to the BIA case in Cherez, it's the government's burden to prove that the state statute is first divisible before we are permitted to look beyond the fact of conviction and statute to the shepherd's documents. And the final note is remand is not requested because my client needs no relief. He just needs a verdict. Thank you. We'll come down and greet counsel and then proceed on to the last case.
judges: Paul V. Niemeyer, James A. Wynn, Jr., Henry F. Floyd